﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 210125-130836
DATE: April 30, 2021

REMANDED

Entitlement to service connection for a right knee disability, to include as secondary to service-connected skin disabilities, is remanded.

Entitlement to service connection for a left knee disability, to include as secondary to service-connected skin disabilities, is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Army from January 1961 to January 1964.

The Veteran’s appeal has a complex procedural history. These matters come before the Board of Veterans’ Appeals (Board) on appeal from a September 2020 Appeals Modernization Act (AMA) rating decision. The Veteran filed a timely notice of disagreement (NOD) in January 2021, requesting direct review of the evidence considered by the agency of original jurisdiction (AOJ) at the time of the September 2020 rating decision. 38 C.F.R. §§ 20.201, 20.202(b)(1).

The Board notes that the Veteran indicated in his January 2021 NOD that he was also appealing a December 2019 rating decision regarding the evaluation for his dermatophytosis, as well as the claims for entitlement to service connection for a right shoulder disability and upper respiratory infection. However, these issues have been adjudicated by other decisions. See February 19, 2021 Board decision; see also February 24, 2021 Board decision. As such, only the Veteran’s claims for service connection for a right and left knee disability is before the Board.

1. Entitlement to service connection for a right knee disability, to include as secondary to service-connected skin disabilities, is remanded.

2. Entitlement to service connection for a left knee disability, to include as secondary to service-connected skin disabilities, is remanded.

The Veteran asserts that his right and left knee disabilities are proximately due to or aggravated by his service-connected skin disabilities. See March 2020 VA 21-526EZ, Fully Developed Claim.

The Veteran presented for a VA examination in August 2020, at which time the examiner found the Veteran’s bilateral knee condition are less likely than not (less than 50 percent probability) incurred or caused by the Veteran’s service-connected dermatophytosis.

Unfortunately, the examiner did not include an opinion that could be construed as addressing secondary aggravation. See El-Amin v. Shinseki, 26 Vet. App. 136, 140 (2013). Secondary service connection may be granted for a disability that is proximately due to, or aggravated by, a service-connected disease or injury. 38 C.F.R. § 3.310; Allen v. Brown, 7 Vet. App. 439, 448 (1995). The Board notes that secondary service connection does not require “permanent” worsening of the condition being claimed by the service-connected disability and requires considering whether there has been any worsening, no matter how incremental, so even if not above and beyond the condition’s natural progression. See Ward v. Wilkie, 31 Vet. App. 233 (2019). 

Under the AMA, the Board still has the duty to remand issues when necessary to correct a pre-decisional duty-to-assist error. See 38 C.F.R. § 20.802(a). The failure of the VA examiner to provide an opinion on aggravation amounts to a pre-decisional duty-to-assist error. Accordingly, an addendum opinion is required on remand.

The matters are REMANDED for the following action:

Obtain an addendum opinion from an appropriate clinician regarding the etiology of the Veteran’s right and left knee disabilities. The electronic claims file must be made available to the examiner for review.

Following a review of the record, the examiner must opine as to whether it is at least as likely as not (i.e., whether it is 50 percent or more probable) that any diagnosed knee disability has been (a) caused or (b) aggravated by his service-connected dermatophytosis. In so opining, the question of secondary aggravation must be addressed separately from the question of secondary causation.

Aggravation in this context is defined as any increase in severity of a nonservice-connected disease or injury that is proximately due to or the result of a service-connected disease or injury, and not due to the natural progress of the nonservice-connected disease. The clinician is advised that a “permanent worsening” of a nonservice-connected disability is not required to establish secondary service connection on the basis of aggravation.

(Continued on the next page)

 

The need for another examination and/or telephonic or video interview of the Veteran is left to the discretion of the examiner(s) selected to offer the requested opinions.

A complete medical rationale for all opinions expressed must be provided.

 

 

Richard Kettler

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Edward G. Lent

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.